CASE No. 928.

## WILLIAMS v. McCARDELL.

1. In the settlement of an estate by the Court of Probate, a decree declaring that one of the distributees has been overpaid, should be accompanied by a statement of the accounts, showing how such result has been reached.
2. Where a distributee receives from the administratrix more than his share of the personal estate of his ancestor, and then dies, his interest in the ancestor's real estate cannot be exclusively subjected to the repayment of such excess, but must be applied to the payment of all his debts owing at the time of his death, including such overpayment, in the order prescribed by statute.

Before WALLACE, J., Lancaster, September, 1879.

This was an action commenced in the Court of Probate in 1874, for the partition of the real estate of A. J. Stewart, who died intestate in 1864. His widow administered, and William G. Stewart, a son of testator, and entitled to one-third of his estate, received of the personalty more than his share of the entire estate, real and personal. W. G. Stewart died in 1873, intestate, leaving as his heirs-at-law, his mother, and the other heirs of his father.

After the petition was filed, the creditors of William G. Stewart were, upon their own petition, made parties to the action. The personal estate of W. G. Stewart was insufficient to pay his debts—none of which were in judgment; nor was there any lien existing upon his interest in his father's real estate.

The judge of Probate decreed that W. G. Stewart, in his lifetime, had received of the personal estate of A. J. Stewart an amount considerably in excess of his entire interest in both the real and personal estate of A. J. Stewart; and that the lands should be therefore partitioned and divided among the remaining heirs-at-law of A. J. Stewart.

From this decree the creditors appealed to the Circuit Court. The Circuit judge referred it back to the judge of Probate to make a full statement of the accounts of the administratrix, and of the receipts by the several distributees; and it was further

declared that the creditors of W. G. Stewart, at his death, were entitled to have his interest in the lands of his father applied as assets to the payment of all his debts, and that his co-heirs had no exclusive right thereto.

From this order the heirs-at-law of A. J. Stewart appealed, upon the grounds considered in the opinion.

*Messrs. Wylie & Hough* and *Allison & Connors,* for appellants.

*Mr. T. C. Gaston,* contra.

October 15th, 1880. The opinion of the court was delivered by

McIver, A. J. No question having been raised as to whether the judgment below was such a final judgment as would authorize an appeal from it, we will waive that question and proceed to consider the case on its merits.

It is very clear that the Circuit judge was right in remanding the case to the Court of Probate for the purpose of having the account taken. The parties interested have a right to see how the account stands, and what were the various items composing it. The mere assertion of the judge of Probate that it appeared to his satisfaction that William G. Stewart had been overpaid, was not sufficient. Parties interested in his estate had a right to know how the account was made up by which such a result was reached.

The only question of law raised by the appeal is, whether the creditors of an heir-at-law are debarred from subjecting his interest in the *real* estate of his ancestor to the payment of their debts by reason of the fact that such heir has received from the administrator, out of the *personal estate,* more than the value of his share of the whole estate, both real and personal, would amount to.

When a person dies intestate, leaving an estate consisting of both real and personal property, the real estate descends at once to and vests in the heirs-at-law, who are entitled to share the same in the proportions designated by statute. The administrator, as such, has no authority over, or interest in, the real estate,

but at the moment of the death of the intestate it becomes the property of the heirs, and their rights therein can only be divested either by proper proceedings to subject it to the payment of the debts of the intestate, or by their own act. But in reference to the personal estate the rule is different. That goes directly to the administrator, and the distributees can only obtain their shares therein through him. If the administrator pays to any one of the distributees more than what is ascertained to be his share, the distributee thereby becomes a debtor to the administrator for the amount of such excess, and the other distributees must look to the administrator and the sureties on his bond for the refunding of such excess. Now in this case, assuming the fact to be, as stated by the judge of Probate, "that William G. Stewart, deceased, received in his lifetime of the personal estate of A. J. Stewart, deceased, an amount considerably in excess of his entire interest in both the real and personal estate of the said A. J. Stewart," the effect of it is simply to make the estate of William G. Stewart a debtor to the administrator of A. J. Stewart in the sum which the amount he received exceeded his interest in the personal estate, and, this debt, like any other debt, may be enforced against the interest of William G. Stewart in the real estate. But how it has obtained, or why it should have any preference or priority over any other debt due by William G. Stewart, it is difficult, if not impossible, to conceive. Such a debt constitutes no lien upon the interest of William G. Stewart in the real estate which descended to him and the other heirs of A. J. Stewart. It stands like any other debt due by him, and during his lifetime might have been enforced by the usual proceedings for the collection of debts against the interest of Stewart in the real estate, as well as against any of his other property, but he being dead, his entire property, including this interest in the real estate of the intestate, A. J. Stewart, must be applied to the payment of his debts in the manner prescribed by the statutes upon that subject.

The cases relied upon by the counsel for the appellants do not, in our judgment, sustain the position. In *Smith* v. *Perdriau, Rich. Eq. Cas.* 223, the rights of other creditors were not involved, and hence it was properly held upon well-recognized

principles of equity, that where there is a fund in court for distribution, and one of the parties interested has received payment of a part of his demand, before he could receive anything out of the common fund the other parties must be equalized, and the court, in making an order for the distribution of the common fund would provide for such equalization. In *DeBrahm* v. *Fenwick*, 1 *Desaus.* 111, the question presented in this case did not arise, the court, in that case, having simply ordered that estates devised to a son should be sold to pay legacies charged upon them, and to reimburse the estate of the testator for property taken away from it by such devisee. The rights of other creditors were not involved. So, too, in the case of *Smith* v. *Huger*, 1 *Desaus.* 247, the point which we have been considering was not made and could not properly arise in the case. There the testator directed his executors to sell all his estate not specifically devised or bequeathed, and divided the proceeds into eleven shares, one of which he gave to Charles Motte. One of the executors made sundry advances to Charles Motte in his lifetime on account of his share, and also assumed sundry liabilities for him, and upon a bill filed by the administrator of Charles Motte against the executors for an account and settlement of what was due to Charles Motte, the court held that the executors might discount the money paid to Charles Motte, and the liabilities assumed for him against the amount of his share under the will. It is plain that in that case the executors were simply the debtors of Charles Motte, and the only effect of the decision was to allow them to discount against such debts all amounts paid to or assumed for him. It does not, therefore, reach the question under consideration here.

The judgment below is affirmed.

McGowan, A. J., concurred.